**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing: Sept. 22, 2025 at 10:00 a.m. (ET) |
| | ) | Obj. Deadline: Sept. 12, 2025 at 4:00 p.m. (ET) |
| | ) | |

**DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a) AND 2016, AND DEL. BANKR. L.R. 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this application (the "Application"):

**Relief Requested**

1. By this Application, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") the Debtors request entry of an order authorizing the employment and retention of Richards, Layton & Finger, P.A. ("RL&F") as co-counsel to the Debtors effective as of August 6, 2025 (the "Petition Date").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order"). In support of this Application, the Debtors submit (i) the declaration of Zachary I. Shapiro, a director of RL&F, which is attached hereto as **Exhibit B** (the "Shapiro Declaration"), and (ii) the declaration of Christopher T. Cramer, the Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and certain of its affiliates, which is attached hereto as **Exhibit C** (the "Cramer Declaration").

**Background**

3. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 7, 2025, the Court entered an order [Docket No. 79] authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On August 15, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154], as subsequently amended on August 21, 2025 [Docket No. 216] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

4. A description of the Debtors' business, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Christopher T. Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*, filed on August 6, 2025 [Docket No. 27], incorporated herein by reference.

2

**Jurisdiction**

5. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

**Scope of Services**

8. The Debtors require RL&F to render a variety of legal services during the pendency of these chapter 11 cases and to assist the Debtors in addressing the myriad issues that may arise. Subject to further order of the Court, the Debtors request the employment and retention of RL&F to render professional services, including, but not limited to:

    a. assisting in pre-bankruptcy preparation and planning;

    b. assisting in preparing necessary petitions, motions, applications, orders, reports, and papers necessary to commence these chapter 11 cases;

    c. advising the Debtors of their rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

    d. preparing, on behalf of the Debtors, motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtors' estates;

    e. taking all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions

3

      commenced against the Debtors in these chapter 11 cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

    f. assisting with any sale or sales of assets, including preparing any necessary motions and papers related thereto;

    g. assisting in preparing the Debtors' disclosure statement and any related motions, pleadings, or other documents necessary to solicit votes on any plan of reorganization;

    h. assisting in preparing any chapter 11 plan;

    i. prosecuting on behalf of the Debtors any chapter 11 plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

    j. performing all other necessary and desirable legal services in connection with these chapter 11 cases.

9.    In addition to the services set forth in paragraphs 8(a) through 8(j) above, RL&F may perform other services assigned to it by the Debtors, in consultation with Kirkland & Ellis, LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"), the Debtors' restructuring counsel. To the extent RL&F determines that such services fall outside of the scope of services historically or generally performed by RL&F as co-counsel in a bankruptcy case, RL&F will file a supplemental declaration.

## Basis for Relief

10.    Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C § 328(a).

11. The Debtors believe that RL&F is well qualified to represent the Debtors in these bankruptcy cases in an efficient and timely manner. The Debtors have selected RL&F as their restructuring co-counsel because of, among other things, (i) the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, (ii) its expertise, experience and knowledge in practicing before this Court, (iii) its proximity to the Court, (iv) its familiarity with the Debtors, due to its prior representations, and (v) its ability to respond quickly to emergency hearings and other emergency matters. RL&F's services will enable the Debtors to execute faithfully their duties as debtors in possession.

12. To that end, RL&F has stated its desire and willingness to act in these chapter 11 cases and to render the necessary professional services as co-counsel to the Debtors.

13. In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ, among others, (i) Kirkland, as lead restructuring counsel; (ii) Omni Agent Solutions, Inc., as claims and noticing agent and administrative agent; (iii) Alvarez & Marsal North America, LLC, as financial advisor; and (iv) Houlihan Lokey, as investment banker. The Debtors understand the division of responsibilities among these professionals and intend to carefully monitor these and any other retained professionals to ensure a clear delineation of their respective duties and roles to prevent duplication of effort. The Debtors recognize that efficient coordination of efforts among the Debtors' professionals will greatly add to the effective administration of these chapter 11 cases.

**Professional Compensation**

A.  **Professional Fees**

14.  The Debtors understand that RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. In that regard, the Debtors and RL&F are developing a prospective budget and staffing plan in a reasonable effort to comply with any requests for information and additional disclosures that may be made by the U.S. Trustee.  Subject to the foregoing, the Debtors propose to pay RL&F its customary hourly rates in effect from time to time as set forth in the Shapiro Declaration.  The Debtors submit that these rates are reasonable.

15.  RL&F's current hourly rates for matters related to these chapter 11 cases are expected to be within the following ranges:

| Position | Range of Hourly Rates |
| --- | --- |
| Directors | $1050 to $1,500 an hour |
| Counsel | $975 to $1025 an hour |
| Associates | $575 to $900 an hour |
| Paraprofessionals | $425 an hour |

16.  The Debtors understand that RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.

17.  Other than the periodic adjustments described above, RL&F's hourly rates of its attorneys and financial terms for the services performed prior to the Petition Date are identical to

the hourly rates and financial terms of the postpetition engagement proposed herein. The Debtors understand that these hourly rates are consistent with the rates that RL&F charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases, and are not significantly different from the rates that RL&F charges in non-bankruptcy representations. None of RL&F's professionals included in this engagement have varied their rate based on the geographic location of these chapter 11 cases. Notwithstanding the consistent hourly rates, RL&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiency that may appear before billing.

18. Prior to the Petition Date, the Debtors made retainer payments to RL&F in the aggregate amount of $100,000 (the "Retainer"). The Retainer was utilized as a retainer to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in connection with, the Debtors' restructuring and the commencement of these chapter 11 cases. The Debtors propose that the remainder of the Retainer paid to RL&F and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by RL&F as security throughout these bankruptcy cases until RL&F's fees and expenses are awarded by final order and payable to RL&F. Given the extensive nature of the services that RL&F will provide to the Debtors, the retention of RL&F under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors in possession and to implement the reorganization of the Debtors.

19. Other than as set forth in the Shapiro Declaration, no arrangement is proposed between the Debtors and RL&F for compensation to be paid in these chapter 11 cases. RL&F has informed the Debtors that it has no agreement with any other entity to share any compensation

received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

  **B.**  **Expenses**

  20.  The Debtors understand that it is RL&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, regular mail and express mail charges, special or hand delivery charges, document processing charges, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. RL&F will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by the Local Rules. The Debtors understand that it is RL&F's belief that it is fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

<b><u>RL&F's Disinterestedness</u></b>

  21.  To the best of the Debtors' knowledge: (a) RL&F is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtors' estates; and (c) except as is disclosed in the Shapiro Declaration, neither RL&F, nor any attorney (including any director, counsel or associate) of RL&F, currently represents, or has in the past represented, or has any connection with, the potential parties in interest set forth on **Exhibit 3** to the Shapiro Declaration.

  22.  RL&F will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Bankruptcy Rule 5002**

23. As set forth in the Shapiro Declaration, no director, counsel, or associate of RL&F is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the United States Trustee assigned to these chapter 11 cases or any other employee of the United States Trustee that would render RL&F's retention in these chapter 11 cases improper under Bankruptcy Rule 5002. Accordingly, the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

**Notice**

24. The Debtors have provided notice of this Application to the following parties or their respective counsel: (a) U.S. Trustee; (b) the Committee; (c) the Priority Term Loan Agent; (d) the Existing Term Loan Agent; (e) the Agent under the ABL Facility; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). A copy of this Application is also available on the website of the Debtors' notice and claims agent at https://omniagentsolutions.com/Claires. In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

25. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  August 29, 2025<br>            Hoffman Estates, Illinois | /s/ *Christopher T. Cramer*<br>Christopher T. Cramer<br>Claire's Holdings LLC<br>Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer |

RLF1 33620863v.1