IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: September 22, 2025, at 10:00 a.m. (ET)** |
| | ) | **Obj. Deadline: September 15, 2025, at 4:00 p.m. (ET)** |

**APPLICATION OF THE DEBTORS TO EMPLOY AND
RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS
FINANCIAL ADVISORS TO DEBTORS AND DEBTORS IN POSSESSION
PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this application:[2]

**Relief Requested**

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit C</u>** (the "<u>Order</u>"), authorizing, but not directing, the Debtors to employ and retain Alvarez & Marsal North America, LLC together with employees of its affiliates (all of which are

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "<u>First Day Declaration</u>"). Capitalized terms used but not defined in this application shall have the meanings ascribed to them in the First Day Declaration.

wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") to serve as financial advisors to the Debtors, effective as of the Petition Date.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a), 328, and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1.

## Background

5. On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 7, 2025, the Court entered an order [Docket No. 79] authorizing the

2

procedural consolidation and the joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. On August 15, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 154], as subsequently amended on August 21, 2025 [Docket No. 216] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

### Retention of A&M

6. In consideration of the size and complexity of their businesses, as well as the exigencies of the circumstances, the Debtors have determined that the services of experienced financial advisors will substantially enhance their attempts to maximize the value of their estates. A&M is well qualified to provide these services in light of its extensive knowledge and expertise with respect to chapter 11 proceedings.

7. A&M specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. A&M's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including: developing or validating forecasts, business plans, and related assessments of a business's strategic position; monitoring and managing cash, cash flow, and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages.

8. A&M has been retained as financial and/or restructuring advisor in several recent chapter 11 cases, including: *In re Global Clean Energy Holdings, Inc.*, No. 25-90113 (Bankr. S.D.T.X. May 22, 2025) (authorizing the debtors to retain A&M as financial advisors); *In re JOANN INC.*, No 25-10068 (Bankr. D. Del. Mar. 4, 2025) (authorizing the debtors to retain A&M to provide the debtors an Interim CEO, Interim CFO, and additional personnel);

*In re Accuride Corporation*, No. 24-12289 (Bankr. D. Del. Nov. 1, 2024) (authorizing the debtors to retain A&M to provide the debtors a Chief Restructuring Officer and additional personnel); *In re SunPower Corporation*, No. 24-11649 (Bankr. D. Del. Sept. 11, 2024) (authorizing the debtors to retain A&M to provide the debtors a Chief Transformation Officer and additional personnel); *In re JOANN INC.*, No. 24-10418 (Bankr. D. Del Mar. 18, 2024) (authorizing the debtors to retain A&M as financial advisors); *In re Rite Aid Corp.*, No. 23-18993 (Bankr. D.N.J. Dec. 20, 2023) (authorizing the debtors to retain A&M to provide the debtors a Chief Transformation Officer and additional personnel); *In re WeWork, Inc.*, No. 23-19865 (Bankr. D.N.J. Dec. 6, 2023) (authorizing the debtors to retain A&M as financial advisors); *In re PGX Holdings, Inc.*, No. 23-10718 (Bankr. D. Del. Sept. 16, 2023) (same); *In re Yellow Corp.*, No. 23-11069 (Bankr. D. Del. Aug. 6, 2023) (same); and *In re Genesis Care Pty Ltd.*, No. 23-90614 (Bankr. S.D. Tex. June 1, 2023) (same).[3]

9.  In addition, A&M is familiar with the Debtors' businesses, financial affairs, and capital structure. Since A&M's initial engagement on May 2, 2025, the A&M personnel providing services to the Debtors (the "<u>A&M Professionals</u>") have worked closely with the Debtors' management and other professionals in assisting with the myriad requirements of these chapter 11 cases. Consequently, the Debtors believe that A&M has developed significant relevant experience and expertise regarding the Debtors and the unique circumstances of this case. For these reasons, A&M is both well qualified and uniquely suited to deal effectively and efficiently with matters that may arise in the context of these cases. Accordingly, the Debtors submit that the retention of A&M on the terms and conditions set forth herein is necessary and appropriate, is in the best

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this application. Copies of these orders are available upon request to the Debtors' proposed counsel.

4

interests of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

## **Scope of Services**

10. The Debtors' prepetition engagement letter (the "Engagement Letter") with A&M is attached hereto as **Exhibit A**, the terms of which shall govern the Debtors' retention of A&M except as explicitly set forth herein or in any order granting this application.

11. Among other things, A&M will provide assistance to the Debtors with respect to management of the overall chapter 11 process, the development of ongoing business and financial plans, and supporting negotiations among the debtors, their advisors, and their creditors with respect to the chapter 11 cases.

12. A&M will provide such restructuring support services as A&M and the Debtors shall deem appropriate and feasible in order to manage and advise the Debtors in the course of these chapter 11 cases, including, but not limited to:

(a) assistance to the Debtors in the preparation of financial-related disclosures required by the Court, including the Debtors' schedules of assets and liabilities, statements of financial affairs, and monthly operating reports;

(b) assistance with the identification and implementation of short-term cash management procedures;

(c) assistance with the identification of executory contracts and leases and performance of cost/benefit evaluations with respect to the affirmation or rejection of each;

(d) assistance to Debtors' management team and counsel focused on the coordination of resources related to the ongoing chapter 11 efforts;

(e) assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

    (f)    attendance at meetings and assistance in discussions with potential investors, banks, and other secured lenders, any official committee(s) appointed in these chapter 11 cases, the U.S. Trustee, other parties in interest, and professionals hired by same, as requested;

    (g)    analysis of creditor claims by type, entity, and individual claim, including assistance with development of databases, as necessary, to track such claims;

    (h)    assistance in the preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 cases, including information contained in the disclosure statement;

    (i)    assistance in the analysis and preparation of information necessary to assess the tax attributes related to the confirmation of a plan in these chapter 11 cases, including the development of the related tax consequences contained in the disclosure statement;

    (j)    litigation advisory services with respect to accounting and tax matters, along with expert witness testimony on case related issues as directed by the Debtors; and

    (k)    rendering such other general business consulting or such other assistance as Debtors' management or counsel may deem necessary consistent with the role of a financial advisor to the extent that it would not be duplicative of services provided by other professionals in this proceeding.

13. In addition, A&M's Canadian affiliate will continue to act as the financial advisor to Claire's Stores Canada Corp., a non-Debtor affiliate and the sole Canadian operating subsidiary of Claire's Stores, Inc. Pursuant to an order issued by the Ontario Superior Court of Justice (Commercial List) on August 6, 2025, Claire's Stores Canada Corp. was granted protection under the Companies' Creditors Arrangement Act, R.S.C 1985, c. C-36, as amended.

## A&M's Disinterestedness

14. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Declaration of William Kosturos (the "Kosturos Declaration"), attached hereto as **Exhibit B**, A&M: (a) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the U.S. Trustee or any person employed

in the Office of the U.S. Trustee; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

15. Accordingly, the Debtors believe that A&M is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

16. In addition, as set forth in the Kosturos Declaration, if any new material facts or relationships are discovered or arise, A&M will provide the Court with a supplemental declaration.

**Terms of Retention**

17. Subject to approval by the Court, the Debtors propose to employ and retain A&M to serve as the Debtors' financial advisor on the terms and conditions set forth in the Engagement Letter and this application.

18. <u>Compensation</u>.  In accordance with the terms of the Engagement Letter, A&M will be paid by the Company for the services of the A&M Professionals at their customary hourly billing rates which shall be subject to the following ranges:

| Position | Hourly Rate |
| --- | --- |
| Managing Directors | $1,100–1,575 |
| Directors | $850–1,100 |
| Associates | $625–825 |
| Analysts | $450–600 |

Such rates and ranges shall be subject to adjustment annually at such time as A&M adjusts its rates generally.

19. In addition, A&M will be reimbursed for the reasonable out-of-pocket expenses of the A&M Professionals incurred in connection with this assignment, such as travel, lodging, third-party duplications, messenger, and telephone charges.  In addition, A&M shall be reimbursed for the reasonable fees and expenses of its counsel incurred in connection with the preparation and approval of this application.  All fees and expenses due to A&M will be billed in accordance with

7

any interim compensation orders entered by this Court and the relevant sections of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

20. <u>Indemnification</u>.  As a material part of the consideration for which the A&M Professionals have agreed to provide the services described herein, the Debtors have agreed to the indemnification provisions attached to the Engagement Letter.  Notwithstanding the foregoing, the Debtors and A&M have agreed to modify such provisions as follows during the pendency of these chapter 11 cases:

    (a)     A&M shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

    (b)     the Debtors shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense that is either:  (i) judicially determined (the determination having become final) to have arisen from A&M's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of A&M contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to A&M's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which A&M should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by the Order; and

    (c)     if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this application), including without limitation the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&M.  All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution, or reimbursement.

**Fees and Reporting**

21. The Debtors understand that A&M intends to apply to the Court for allowance of compensation and reimbursement of expenses for its restructuring advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and guidelines established by the U.S. Trustee.

22. A&M received $250,000 as a retainer in connection with preparing for and conducting the filing of these chapter 11 cases, as described in the Engagement Letter. In the ninety days prior to the Petition Date, A&M received retainers and payments totaling $5,691,284.23 in the aggregate for services performed for the Debtors. A&M has applied these funds to amounts due for services rendered and expenses incurred prior to the Petition Date. A precise disclosure of the amounts or credits held, if any, as of the Petition Date will be provided in A&M's first interim fee application for postpetition services and expenses to be rendered or incurred for or on behalf of the Debtors. The unapplied residual retainer, which is estimated to total approximately $280,519.51, will be held in a segregated non-interest-bearing account (which may hold other A&M and A&M affiliate client retainers), separate from the general account to which A&M will direct payment of ongoing fees and expenses until the end of these chapter 11 cases and applied to A&M's finally approved fees in these proceedings.

23. Given the numerous issues that A&M may be required to address in the performance of their services, A&M's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtors submit that the fee arrangements set forth herein are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

**Basis for Relief**

24. The Debtors submit that the retention of A&M under the terms described herein is appropriate under sections 327(a), 328, and 1107(b) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person who:

> (a) is not a creditor, an equity security holder, or an insider;
>
> (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. 11 U.S.C. § 101(14).

25. Further, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). A&M's prepetition relationship with the Debtors is therefore not an impediment to A&M's retention as the Debtors' postpetition financial advisor.

26. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer[.]" 11 U.S.C. § 328(a). The Debtors submit that the terms and conditions of A&M's retention as described herein, including the proposed compensation and indemnification terms, are reasonable and consistent with the terms and conditions typical for engagements of this size and character. Since the Debtors will require substantial assistance with their chapter 11 process, it is reasonable

for the Debtors to seek to employ and retain A&M to serve as their financial advisor on the terms and conditions set forth herein.

27. Based upon the foregoing, the Debtors submit that the retention of A&M, on the terms set forth herein and in the Engagement Letter, is essential, appropriate, and in the best interest of the Debtors' estates, creditors, and other parties in interest and should be granted.

## Notice

28. The Debtors will provide notice of this application to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Committee; (c) the Priority Term Loan Agent; (d) the Existing Term Loan Agent; (e) the Agent under the ABL Facility; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

29. No prior request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit C**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 29, 2025            Respectfully submitted,

*/s/ Christopher T. Cramer*
Christopher T. Cramer
Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer
Claire's Holdings LLC