IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 25-11454 (BLS)<br>(Jointly Administered) |

**OBJECTION OF BENMOORE CONSTRUCTION GROUP, INC. TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR UNEXPIRED LEASES**

The Benmoore Construction Group, Inc. ("Benmoore"), by and through its undersigned attorneys, hereby file its objection to the cure amount set forth in the Notice of Potential Assumption and Assignment of Certain Contracts and Leases filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") on August 20, 2025 (the "Cure Notice") [Dkt. No. 209], and respectfully represents in support thereof as follows:

**BACKGROUND**

1. On August 6, 2025 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to manage their properties and operate their businesses as debtors-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. Benmoore is a construction company that maintains its principal place of business at 87 Old River Street, Hackensack, NJ 07601.

3. Prior to the Petition Date, Benmoore provided certain HVAC services, labor and materials at certain of the Debtors' leased premises for the improvement, renovations, and/or alteration of real property located at the following locations:

1

    a. 2500 Moreland Road, Willow Grove, Montgomery County, PA, 19090 (the "Willow Grove Property"). On information and belief, the Willow Grove Property is owned by WG Park, LP, a Pennsylvania limited partnership (the "Willow Grove Owner"). The address of the Willow Grove Owner is c/o Management Office 3rd Floor, PRET-RUBIN Inc., 2500 Moreland Road, Willow Grove, PA, 19090. The Debtors lease the Willow Grove Property pursuant to a lease (the "Willow Grove Lease") with the Willow Grove Owner. On August 11, 2025, Benmoore filed a Notice of Perfection, Maintenance and Continuation of Lien Pursuant to 11 U.S.C. 546(B)(2) with respect to the Willow Grove Property (the "Willow Grove Notice of Mechanics Lien" [Dk No. 135];

    b. 863 Broadway, New York, NY, 10003 (the "Broadway Property"). On information and belief, the Broadway Property is owned by Gordon Property Group (the "Broadway Owner"). The address of the Broadway Owner is c/o Gordon Property Group, 9th Floor, 411 Lexington Avenue, Attn: Tim Gordon, New York, NY, 10017. The Debtors lease the Broadway Property pursuant to a lease (the "Broadway Lease") with Broadway Owner. On August 25, 2025, Benmoore filed a Notice of Perfection, Maintenance and Continuation of Lien Pursuant to 11 U.S.C. 546(B)(2) with respect to the Broadway Property (the "Broadway Notice of Mechanics Lien" [Dk No. 225];

    c. 489 Fulton Street, Brooklyn, NY, 11201 (the "Fulton Street Property"). On information and belief, the Fulton Street Property is owned by 489 Fulton Street, LLC (the "Fulton Street Owner"). The address of the Fulton Street Owner is c/o Solil Management, 10th Floor, 1185 Sixth Avenue, Attn: Jane Goldman, New York, NY. The Debtors lease the Fulton Street Property pursuant to a lease (the "Fulton Street Lease" and with the Willow Grove Lease and the Broadway Lease, the "Leases") with Broadway Owner. On August 22, 2025, Benmoore filed a Notice of Perfection, Maintenance and Continuation of Lien Pursuant to 11 U.S.C. 546(B)(2) with respect to the Fulton Street Property (the "Fulton Street Notice of Mechanics Lien" [Dk No. 224] and, with the Willow Grove Notice of Mechanics Lien and the Broadway Notice of Mechanics Lien, the "Notices of Mechanics Liens")[1].

4.    On August 20, 2025, the Debtors filed the Cure Notice., which reflects the Debtors' stated cure amount under the various Leases it seeks to assume and assign:

    a. The Debtor's stated cure for the Willow Grove Lease is $0.00;

    b. The Debtor's stated cure for the Broadway Lease is $96,059;

---

[1] The Notices of Mechanics Liens each have attached to them all of the documents supporting the recording, perfection and maintenance of the liens asserted by Benmoore and each is incorporated by reference as if set forth here in full.

  c. The Debtor's stated cure for the Fulton Street Lease is $0.00.

5. While Benmoore reserves its rights with respect to the prospective assumption and assignment of the Leases, it objects to the stated cure amount for the reasons hereinafter set forth. Benmoore reserves all rights and intends to enforce its rights under the Mechanic's Liens to the fullest extent permitted by law

<b>RELIEF REQUESTED</b>

**A. The Cure Amounts are Understated.**

6. As it relates to Willow Grove Lease, the Cure Notice understates the amount due and owing by the Debtors under the Willow Grove Lease. In contrast to the stated cure amount, the actual amount due and owing under the Willow Grove Lease is $27,339.00 as reflected in the Willow Grove Notice of Mechanics Lien.

7. As it relates to Broadway Lease, it is unclear pursuant to the Cure Notice that the stated amount due and owing by the Debtors under the Broadway Lease is sufficient to satisfy Benmoore's mechanics lien against the Broadway Property in addition to any other cure obligations arising under the Broadway Lease. The actual amount due and owing under the Broadway Lease to satisfy Benmoore's lien claim is $15,427.81 as reflected in the Broadway Notice of Mechanics Lien.

8. As it relates to Fulton Street Lease, the Cure Notice understates the amount due and owing by the Debtors under the Fulton Street Lease. In contrast to the stated cure amount, the actual amount due and owing under the Fulton Street Lease is $200,193.61 as reflected in the Fulton Street Notice of Mechanics Lien.

9. In order to assume (or assume and assign) the Leases, the Debtors are required to cure defaults existing thereunder pursuant to § 365(b)(1)(A) of the Bankruptcy Code, which

provides in relevant part that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee … cures, or provides adequate assurance that the trustee will promptly cure, such default…" 11 U.S.C. § 365(b)(1)(A).

10. Accordingly, the Leases may not be assumed unless and to the extent that all pre- and post-petition amounts are paid promptly and in full.

## RESERVATION OF RIGHTS

11. Benmoore specifically reserve its rights to object to any other relief sought by the Debtors in connection with the assumption of the Leases, including adequate assurance of future performance to be provided by an assignee.

## CONCLUSION

12. For the foregoing reasons, Benmoore seeks an order of this Court fixing the Debtors' cure obligations under the Leases in the amount set forth herein (less any payments made by the Debtors on account of such sum prior to the assumption of the Leases plus any additional post-petition amounts accruing under the Leases through the date thereof) and directing the Debtors promptly to satisfy such amounts following the entry of an order approving the assumption and assignment of the Leases.

WHEREFORE, Benmoore, respectfully requests the entry of an order granting the relief described herein, together with such other and further relief as is just and proper.

Dated: September 2, 2025

/s/ Lee Harrington
Lee Harrington (DE #4046)
ASCENDANT LAW GROUP LLC
2 Dundee Park Drive, Suite 102
Andover, MA  01810
(617) 840-2755
lh@ascendantlawgroup.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 2, 2025 a true and correct copy of the foregoing Objection was served through the ECF system on those persons registered to receive notice thereunder.

/s/ Lee Harrington
Lee Harrington