IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) Case No. 25-11454 (BLS) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 184 |

**ORDER (I) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"): (a) authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. All Professionals in these cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

(a) On or after the tenth day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement, on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and Kirkland & Ellis LLP, 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N King Street, Wilmington, DE

19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (d) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); (e) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); and (f) proposed co-counsel to the Committee, (a) Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, DE 19801, Attn: Justin R. Alberto (jalberto@coleschotz.com) and Stacy L. Newman (snewman@coleschotz.com) and 1325 Avenue of the Americas, 19th Floor, New York, New York 10019, Attn: Seth Van Aalten (svanaalten@coleschotz.com) and (b) McDermott Will & Schulte LLP, One Vanderbilt Avenue, New York, New York 10017, Attn: Darren Azman (dazman@mwe.com) and Kristin K. Going (kgoing@mwe.com) (each, an "Application Recipient" and collectively, the "Application Recipients"). Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

(b)  Each Application Recipient will have until 4:00 p.m. (Prevailing Eastern Time) 21 days after service of a Monthly Fee Statement to review (the "Objection Deadline"). The Objection Deadline shall be conspicuously noted on the Monthly Fee Statement. Upon the expiration of such 21-day period, if no Application Recipient has filed with the Court, an Objection (as defined below), a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement (each, a "CNO"). After a CNO is filed with the Court, the Debtors are authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an Objection pursuant to subparagraph (c) below.

(c)  If any Application Recipient objects to a Monthly Fee Statement, the objecting party shall, within 21 days of service of the Monthly Fee Statement, serve a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an

agreement, the Debtors shall promptly pay 80 percent of the agreed-upon fees and 100 percent of the agreed-upon expenses.  If, however, the parties are unable to reach a resolution of the objection within 14 days after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients.  Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Disputed Amount") or (ii) forgo payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.[3]

(d) Each Professional may submit its first Monthly Fee Statement on or after September 10, 2025.  This initial Monthly Fee Statement will cover the period from the Petition Date through August 31, 2025.  Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

(e) Beginning with the period ending on October 31, 2025, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period, within 45 days after the end of the applicable Interim Fee Period. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. The Interim Fee Application should conform to the requirements of the Local Rules, the Bankruptcy Rules, and sections 330 and 331 of the Bankruptcy Code.  Application Recipients will have 21 days after service of an Interim Fee Application to object thereto (the "Interim Fee Application Objection Deadline").  The Interim Fee Application Objection Deadline shall be conspicuously stated on the respective Interim Fee Application.  The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including October 31, 2025.

---

[3] For the avoidance of doubt, no Professional shall file a CNO or otherwise request entry of an order approving payment of any fees or expenses if any objection has been raised, either formally or informally, and such objection has not been resolved.

(f) The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed fees (including the 20 percent holdback) and expenses not previously paid.

(g) A pending Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

(h) Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or the failure to file an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

(i) Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. For the avoidance of doubt, neither (i) the failure to file any Monthly Fee Statement and/or Interim Fee Application, nor (ii) a pending Objection to any amounts sought under any Monthly Fee Statement and/or an Interim Fee Application will hinder, prevent, or delay a Professional from filing a Final Fee Application or seeking amounts for any compensation or reimbursement that is subject to a pending Objection.

4. In each Interim Fee Application and Final Fee Application, all professionals who have been or are hereafter retained pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, unless such professional is retained by the Debtors pursuant to any order entered in connection with the retention and compensation of "ordinary course" professionals (such professionals, the "Required Professionals") (a) shall apply for compensation for professional services rendered

and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court and (b) if the professional is an attorney, intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

5. Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the official committee (excluding third party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

6. The Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients, and (b) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 8th, 2025**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE